## Richmond

NORRIS EDWARD STANLEY

v.

COMMONWEALTH OF VIRGINIA

No. 0334-92-2

Decided August 10, 1993

874

Michael HuYoung (Jane Chittom, on brief), for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—Norris Edward Stanley, appellant, appeals from his convictions for possession of cocaine with intent to distribute and possession of a firearm while in possession of cocaine. After stopping appellant's motor scooter because the operator was not wearing a helmet and failed to stop at a stop sign, the officers noticed a bulge in his front pants pocket. The officers conducted a patdown search for weapons and felt a rock-like substance in a plastic bag, which, one testified, "based on [his] training and experience, [he] believed . . . to be cocaine." The officer ordered the appellant to remove the object, which disclosed a "baggie" of crack cocaine and $223 in folded currency. A subsequent search of appellant's motor scooter revealed cocaine and a revolver. On appeal, he contends that the trial court erred in denying his motion to suppress on the ground (1) that the police lacked the reasonable suspicion necessary to conduct a patdown search for weapons, and (2) that their further search of him following the patdown was unreasonable because the patdown search revealed no evidence of a weapon. We hold that the patdown search violated the fourth amendment. Consequently, the evidence was illegally seized and we, therefore, reverse appellant's convictions.

 On appeal, the burden is on appellant to show, considering the evidence in the light most favorable to the Commonwealth, that the denial of the motion to suppress constituted reversible error. *See Fore v. Commonwealth*, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, *cert. denied*, 449 U.S. 1017 (1980). In assessing the propriety of the trial

court's ruling, we keep in mind that the fourth amendment does not proscribe all searches and seizures, only those that are "unreasonable." *Terry v. Ohio*, 392 U.S. 1, 9 (1968). Whether a search or seizure is unreasonable is determined by balancing the individual's right to be free from arbitrary government intrusions against society's countervailing interest in preventing or detecting crime and in protecting its law enforcement officers. *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975). In striking this balance in *Terry v. Ohio*, the Supreme Court concluded that an officer may conduct a patdown search of a suspect's outer clothing if he can " 'point to specific and articulable facts which, taken together with rational inferences from those facts,' " reasonably lead him to conclude, "in light of his experience, that 'criminal activity may be afoot' and that the suspect 'may be armed and presently dangerous.' " *Lansdown v. Commonwealth*, 226 Va. 204, 209, 308 S.E.2d 106, 110 (1983) (quoting *Terry*, 392 U.S. at 21, 30), *cert. denied*, 465 U.S. 1104 (1984).

In the context of the lawful stop of an automobile, the balancing of these interests may permit the police to require both the driver and any passengers to step out of the vehicle. *Pennsylvania v. Mimms*, 434 U.S. 106, 111 (1977); *Hatcher v. Commonwealth*, 14 Va. App. 487, 490-92, 419 S.E.2d 256, 258-59 (1992). As the Supreme Court explained in *New York v. Class*, 475 U.S. 106, 116 (1986), the purpose of this approach is to prevent "an individual being detained [from having] possible access to a dangerous weapon and the benefit of the partial concealment provided by the car's exterior." "[I]f the police officer possesses a reasonable belief based on 'specific and articulable facts which . . . reasonably warrant' the officer in believing the suspect is dangerous and . . . may gain immediate control of weapons," the officer may conduct a *Terry* frisk of the suspect himself and search the accessible areas of the passenger compartment of the car in which a weapon might be hidden. *Michigan v. Long*, 463 U.S. 1032, 1049-50 (1983) (citing *Terry*, 392 U.S at 21).

But despite the danger that inheres in [such] encounters and the need for police to act quickly for their own safety, the Court in *Terry* did not adopt a bright-line rule authorizing frisks for weapons in all confrontational encounters. Even in high crime areas, where the possibility that any given individual is armed is significant, *Terry* requires reasonable, individualized suspicion before a frisk for weapons can be conducted.

*Maryland v. Buie*, 494 U.S. 325, 334 n.2 (1990); *see Williams v. Commonwealth*, 4 Va. App. 53, 66-67, 354 S.E.2d 79, 86 (1987).

The circumstances in this case do not reasonably support a suspicion that the operator of the motor scooter was involved in criminal activity or that he may have been armed and dangerous. As soon as Officer Miles stopped the appellant, he observed a bulge in his front pocket which consisted of twenty-eight folded bills and a small packet of rock-like objects. The officers articulated no basis for thinking that the appellant was involved in criminal activity, nor did they state that they suspected that to be the case. The sole question is whether the officers articulated specific reasons that would support a reasonable belief that the operator of the motor scooter was armed and dangerous.

We find no Virginia case upholding a patdown search incident to a routine traffic stop based solely on a bulge observed in the operator's clothing. *See, e.g., Troncoso v. Commonwealth*, 12 Va. App. 942, 945, 947, 407 S.E.2d 349, 350-51 (1991) (in which officer, who approached vehicle stopped illegally in the roadway, saw not only a large bulge in the defendant's stomach area but also observed him become "fidgety and nervous and [begin] to sweat" while trying to conceal the bulge). Similarly, in *Mimms,* the officer observed a "large bulge" under the defendant's sports jacket after he stepped out of his automobile which "permitted the officer to conclude that Mimms was armed." 434 U.S. at 112. The bulge was a .38-caliber revolver in Mimms' waistband. Furthermore, the situation in *Mimms* involved a car, which Mimms would eventually be allowed to re-enter and in which he would have had "the benefit of the partial concealment provided by the car's exterior." *See Class*, 475 U.S. at 116. In this case, by contrast, the bulge in the appellant's front pants pocket was easily visible and, from its description, it did not "warrant a man of reasonable caution in the belief that" the operator of the motor scooter was armed and dangerous and that the "bulge" posed a threat of the officers being assaulted by a weapon. Furthermore, appellant was traveling on a motor scooter and his actions were easily observable by the two officers. They could more easily monitor his movements, thereby reducing any safety threat he might pose. The holding in *Mimms* does not legitimize a patdown search of someone stopped for a routine traffic offense simply because he is carrying an item the size and configuration of a wallet or checkbook in his front pants pocket.

The "large bulge" in this case consisted of only a tissue, a tiny amount of cocaine packaged in plastic baggie corners, and $223 in

cash, comprised of twenty-eight folded bills. The situation is dramatically different from the threat posed by Mimms where a "large bulge" was visible at the waist band under Mimms' sports jacket. The Commonwealth presented no additional reason for suspecting that appellant might be armed. We therefore hold that it was unreasonable for the officers to conclude that appellant's pocket likely contained a weapon. If these facts created a reasonable suspicion of criminal activity, an officer would be justified in patting down anyone who happened to be carrying a checkbook or wallet in his pants pocket when stopped for a routine traffic offense.

We recognize the legitimate need of police officers to be cautious and protect themselves. If the slightest reasonable circumstances exist for an officer to suspect that an individual is armed and dangerous, the officer may conduct a limited patdown for weapons. In *Terry*, an experienced officer reasonably suspected the appellant of planning a robbery, a situation which he understandably concluded was likely to involve weapons. In *Mimms*, the officer observed a bulge which, although accompanied by no suspicious behavior, was large enough and carried in such a fashion so as to give the officer reason to believe it might be a weapon. We recognize that the Fourth Amendment requires "not that [such factual determinations] always be correct, but that they always be reasonable." *Illinois v. Rodriguez*, 497 U.S. 177, 185 (1990). An officer may not, simply by observing some item causing a "bulge" in one's clothing, conduct a general frisk where the nature of the bulge or the surrounding circumstances do not reasonably support the conclusion that criminal activity is afoot or that the person is armed and dangerous. The physical evidence in this case shows that Officer Wooten's conclusion concerning the likely content of appellant's pocket prior to the pat down was neither correct nor reasonable. For that reason, we reverse appellant's conviction without reaching his second assignment of error.

*Reversed and remanded.*

Coleman, J., and Willis, J., concurred.