COURT OF APPEALS OF VIRGINIA

Present:  Judge Benton, Senior Judge Cole and
          Retired Judge Trabue[*]
Argued at Richmond, Virginia


LEE EDWARD SATTLER
                                              OPINION BY
v.   Record No. 0146-94-2            JUDGE JAMES W. BENTON, JR.
                                              MAY 16, 1995
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF HANOVER COUNTY
                  Richard H. C. Taylor, Judge

        Robert G. Cabell, Jr., for appellant.

        Kathleen B. Martin, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on brief),
        for appellee.



     This appeal arises from the trial judge's denial of a motion

to suppress evidence obtained during a warrantless search.  Lee

Edward Sattler contends that the trial judge erred in holding

that a police officer lawfully searched Sattler before issuing a

summons for a traffic violation.  We reverse the trial judge's

refusal to suppress the evidence.

     The evidence presented at the suppression hearing proved

that a state police officer observed Sattler's automobile

abruptly turn from an interstate highway onto an exit.  The

officer followed the automobile but did not signal Sattler to

stop because he had not decided to stop the driver.  The officer

testified that as the automobile approached a service station he

_____
        [*]Retired Judge Kenneth E. Trabue took part in the
consideration of this case by designation pursuant to Code
§ 17-116.01.

saw a radar detector device and made the decision to stop the driver and issue a citation. When Sattler drove to the station's fuel pump and exited his automobile, the officer parked his vehicle behind Sattler's automobile and asked Sattler for his driver's license, registration, and radar detector device. The officer told Sattler that he would issue a summons for the radar detector violation; however, he also told Sattler that he could pump the gas, pay for it, and then move his automobile. The officer moved his vehicle to a side area. When Sattler completed the purchase and moved his automobile to join the officer, the officer told Sattler to sit in the officer's vehicle but that he would first "pat" Sattler for weapons. The officer testified that he "pat[s] everybody down [for weapons] prior to them coming back to [his] vehicle."

During the frisk for weapons, the officer felt an object in Sattler's pocket. He said that when Sattler took a step back, he reached into Sattler's pocket and retrieved a pipe. He then arrested Sattler for possession of marijuana that he saw in the pipe. After placing handcuffs on Sattler, the officer searched Sattler's automobile and seized a bag of marijuana and psilocyn.

The trial judge found that the officer's search for weapons was reasonable and refused to suppress the evidence. At trial, where the evidence was admitted, Sattler was convicted of possession of marijuana and possession of psilocyn.

The Fourth Amendment prohibits unreasonable searches and

seizures. Terry v. Ohio, 392 U.S. 1, 9 (1968). "Whether a search . . . is unreasonable is determined by balancing the individual's right to be free from arbitrary government intrusions against society's countervailing interest in preventing or detecting crime and in protecting its law enforcement officers." Stanley v. Commonwealth, 16 Va. App. 873, 875, 433 S.E.2d 512, 513 (1993). To conduct a patdown search, a police officer must be able to "'"point to specific and articulable facts which, taken together with rational inferences from those facts,"' reasonably lead him to conclude, 'in light of his experience, that "criminal activity may be afoot" and that the suspect "may be armed and presently dangerous."'" Id. (citations omitted). In Stanley, we held that it was unreasonable for police officers to conclude that a person on a motor scooter was armed and dangerous because a police officer saw a bulge in the person's pocket following a traffic stop. 16 Va. App. at 877, 433 S.E.2d at 515.

The evidence at the suppression hearing failed to prove that the officer had specific and articulable facts upon which to conclude that Sattler was armed and dangerous. The officer initially detained Sattler solely for the purpose of issuing a summons for a traffic infraction. Sattler was not under arrest. The officer offered no reason to support a belief that Sattler was armed or dangerous or that he possessed illegal drugs.

The officer searched Sattler solely because of his general

policy of searching every person entering his vehicle.  In every encounter, "Terry requires reasonable, individualized suspicion before a frisk for weapons can be conducted."  Maryland v. Buie, 494 U.S. 325, 334 n.2 (1990).  The officer's generalized policy of frisking all persons does not satisfy the restrictions imposed by Terry.  "Indeed, if everyone is assumed to be armed and dangerous until the officer is satisfied that he or she is not, then officers would be able to frisk at will -- a result not contemplated by the Fourth Amendment."  State v. Garland, 636 A.2d 541, 548 (N.J. Super. Ct. App. Div. 1994).

Accordingly, we hold that the trial judge erred in finding that the officer's search was reasonable and in refusing to suppress the seized evidence.

Reversed and remanded.

Cole, J., concurring.

I concur in the judgment reversing the trial court's refusal to suppress the evidence. However, my opinion is based upon the inadequate record in this case.

The operation of a motor vehicle equipped with a radar detector to detect radar used by law enforcement personnel is unlawful on the highways of the Commonwealth and constitutes a traffic infraction. Code § 46.2-1079. Traffic infractions are not felonies or misdemeanors but are violations of public order and are not deemed criminal in nature. Code § 18.2-8. However, Code § 46.2-937 provides that "[f]or purposes of arrest, traffic infractions shall be treated as misdemeanors" and "the authority and duties of arresting officers shall be the same for traffic infractions as for misdemeanors." If the offense of possession of a radar detector was a misdemeanor, the officer could have searched the defendant incident to the arrest. See Leeth v. Commonwealth, 223 Va. 335, 340-41, 288 S.E.2d 475, 478 (1982) (holding that because the officer possessed probable cause, he could search the car for a radar detector). None of these issues was raised in the trial court or on appeal. The only issue raised was the reasonableness of the Terry stop. The only reason given for the patdown was the officer's personal policy of frisking everyone who entered his police car. Based upon this record, I join the majority opinion.