COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Bray and Annunziata
Argued at Norfolk, Virginia


BRANDON LEVAR WIGGINS

MEMORANDUM OPINION[*] BY
v.    Record No. 1532-98-1      JUDGE ROSEMARIE ANNUNZIATA
JUNE 22, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

Dianne G. Ringer, Senior Assistant Public
Defender, for appellant.

John H. McLees, Jr., Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Brandon Levar Wiggins ("appellant") appeals his conviction

for possession of cocaine with the intent to distribute,

contending the trial court erred on Fourth Amendment grounds by

denying his motion to suppress cocaine discovered pursuant to his

stop and arrest by officers of the Portsmouth Police Department.

Appellant contends the police arrested him without probable cause

and, therefore, the court should have suppressed cocaine

discovered on his person during a search incident to his arrest.

We find no error and affirm the decision of the trial court.

---

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

FACTUAL BACKGROUND

On the afternoon of August 30, 1997, Officer R.K. Butler and Officer White were sitting in a marked police vehicle on the 700 block of Peninsula Avenue in the City of Portsmouth.  The officers were in full uniform with badge displayed.  As White filled out paperwork, Butler observed appellant and another man appear on bicycles.  Although the two individuals were riding towards Butler, appellant "wasn't looking in [Butler's] direction" as he was "turned around" talking to his companion.

Butler noticed what appeared to be a brown, hand-rolled, bent and wrinkled cigar hanging from appellant's mouth.  From these characteristics, Butler believed the cigar was a marijuana cigar.  Butler had seen marijuana cigars before and had made "well over twenty" arrests for possession of such cigars.

When appellant was about fifteen feet from the front of White's vehicle, he turned his head in Butler's direction, quickly raised his hand to his mouth and removed the cigar, reaching down with it along the right side of his body.  Butler could not tell what appellant did with the cigar thereafter.  Butler had observed the cigar in appellant's mouth for a period of five to ten seconds.

As appellant rode by the police vehicle, Butler told him to stop.  After appellant complied, Butler asked what he had had in his mouth.  Appellant denied having had anything in his mouth.

When Butler asked if he could search appellant's person, appellant withheld consent. However, since Butler believed that he had probable cause to arrest appellant for possession of marijuana, he ordered appellant to turn around so that he could conduct a pat-down search for weapons. Appellant turned around and immediately said, "I've got a blunt."[1] Butler looked down and noticed a marijuana cigar sticking out of the top of the back right pocket of appellant's shorts. During a search of appellant's person subsequent to arrest, Butler also found a quantity of cocaine in another pocket.

At trial, appellant moved to suppress the cocaine found on his person on the ground that Butler did not have probable cause to arrest him for possession of marijuana at the time he initiated the pat-down search. The trial court denied the motion and found appellant guilty of possession with the intent to distribute under Code § 18.2-248. On July 6, 1998, the court sentenced appellant to serve five years in prison, with all but two years and nine months suspended.

II.

ANALYSIS

The Fourth Amendment ensures the right of people to be free from unreasonable searches and seizures. See Terry v. Ohio, 392 U.S. 1, 9 (1968). Generally, evidence obtained by searches or

---

[1]A blunt is a street term for a regular cigar that has been emptied of tobacco and replaced with marijuana.

- 3 -

seizures that violate the Fourth Amendment is inadmissible at a criminal trial. See Mapp v. Ohio, 367 U.S. 643, 655 (1961). "'Whether a search . . . is unreasonable is determined by balancing the individual's right to be free from arbitrary government intrusions against society's countervailing interest in preventing or detecting crime and in protecting its law enforcement officers.'" Sattler v. Commonwealth, 20 Va. App. 366, 368, 457 S.E.2d 398, 399-400 (1995) (quoting Stanley v. Commonwealth, 16 Va. App. 873, 875, 433 S.E.2d 512, 513 (1993)). It is well established that "[a] custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment" and that "a [warrantless] search incident to [such] arrest requires no additional justification." United States v. Robinson, 414 U.S. 218, 235 (1973). Authority to search under such circumstances, however, is contingent upon a lawful arrest and, therefore, upon the existence of probable cause. See id. See also Beck v. Ohio, 379 U.S. 89, 91 (1964) ("Whether [a warrantless] arrest was constitutionally valid depends . . . upon whether, at the moment the arrest was made, the officers had probable cause to make it . . . .").

The burden is on appellant to show that the trial court's ruling constituted reversible error. See McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc). In considering the trial court's denial of a motion to suppress, we view the evidence in the light most favorable to the Commonwealth,

the party prevailing below.  See Greene v. Commonwealth, 17 Va. App. 606, 608, 440 S.E.2d 138, 139 (1994).

Ultimate questions of reasonable suspicion and probable cause involve questions of both law and fact and are reviewed de novo on appeal.  See McGee, 25 Va. App. at 197, 487 S.E.2d at 261.  We recognize, however, "'that a police officer may draw inferences based on his own experience in deciding whether probable cause exists'" and that we "'should give due weight to a trial court's finding that [an] officer was credible and [his or her] inference was reasonable.'"  James v. Commonwealth, 22 Va. App. 740, 743-44, 473 S.E.2d 90, 91 (1996) (quoting Ornelas v. United States, 517 U.S. 690, 700 (1996)).

"'[P]robable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed.'"  Parker v. Commonwealth, 255 Va. 96, 106, 496 S.E.2d 47, 53 (1998) (quoting Taylor v. Commonwealth, 222 Va. 816, 820-21, 284 S.E.2d 833, 836 (1981)).  "'[I]n assessing an officer's probable cause for making a warrantless arrest, no less strict standards may be applied than are applicable to a magistrate's determination that an arrest warrant should issue.'" DePriest v. Commonwealth, 4 Va. App. 577, 584, 359 S.E.2d 540, 543 (1987) (quoting Washington v. Commonwealth, 219 Va. 857, 862, 252 S.E.2d 326, 329 (1979)), cert. denied, 488 U.S. 985 (1988).  In

determining probable cause, we test the totality of circumstances as they would be viewed by "'police officers trained in analyzing the observed conduct for purposes of crime control.'" Id. The Supreme Court of Virginia has recognized that, when viewed within the totality of circumstances, a suspect's attempt to avoid police officers and to conceal an item in his or her possession are relevant considerations which may give an officer probable cause to believe the suspect possessed illegal drugs. See Parker, 255 Va. at 106-07, 496 S.E.2d at 53.

Here, Officer Butler saw appellant holding a brown cigar in his mouth for five to ten seconds as appellant biked to within fifteen feet of his position. Butler, an officer experienced in identifying marijuana cigars, having effectuated well over twenty arrests for possession of such cigars, described the item in appellant's mouth as wrinkled, hand-rolled, and bent. Based on his observations and experience, Butler stated the cigar appeared to be a marijuana cigar.

Furthermore, when appellant noticed the presence of police, he quickly removed the cigar from his mouth and brought it down to his side. Notwithstanding the fact that Butler stopped appellant on the street immediately after he removed the cigar from his mouth, appellant denied having held anything in his mouth upon Butler's inquiry.

In light of the inferences Butler drew from his experience and the credibility the trial court afforded his testimony, we

find that these facts are sufficient to conclude that Butler had probable cause to arrest appellant for possession of marijuana and that the discovery of cocaine on appellant's person incident to his arrest did not violate the Fourth Amendment.

Finding no error, we affirm the conviction.

Affirmed.
