COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Kelsey and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


TERRY P. PHILLIPS, S/K/A
  TERRY PRESSON PHILLIPS
                                                      MEMORANDUM OPINION[*] BY
v.      Record No. 0570-06-1                          JUDGE ROBERT J. HUMPHREYS
                                                           MARCH 13, 2007
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                                Thomas S. Shadrick, Judge

          Edwin Stuart Booth, Assistant Public Defender, for appellant.

          J. Robert Bryden, II, Assistant Attorney General (Robert F.
          McDonnell, Attorney General, on brief), for appellee.


          Terry Presson Phillips ("Phillips") appeals his conviction of second-degree murder, in

violation of Code § 18.2-32.  On appeal, Phillips argues that the trial court erred in denying his

motion to suppress.  Specifically, Phillips contends that he "clearly asserted his right to counsel"

and any statements made after his request for counsel were inadmissible because they were

obtained in violation of Miranda.  For the following reasons, we disagree, and affirm the trial

court.

                                            ANALYSIS

          On appeal from a trial court's ruling on a motion to suppress, the appellant must show

that the trial court's decision constituted reversible error.  See Stanley v. Commonwealth, 16

Va. App. 873, 874, 433 S.E.2d 512, 513 (1993).  We view the evidence in the light most

favorable to the prevailing party, granting to it all reasonable inferences fairly deducible

          [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

therefrom, see Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991), and we review the trial court's findings of historical fact only for clear error, see Shears v. Commonwealth, 23 Va. App. 394, 398, 477 S.E.2d 309, 311 (1996). However, we review *de novo* the trial court's application of defined legal standards to the particular facts of a case. Id.; see also Ornelas v. United States, 517 U.S. 690, 697 (1996).

Under well-settled law, if an accused has "clearly asserted his right to counsel," all interrogation must stop "until counsel has been made available to [the accused], unless the accused himself initiates further communication, exchanges, or conversations with the police." Edwards v. Arizona, 451 U.S. 477, 484-85 (1981). "[The Supreme] Court has consistently held that a clear and unambiguous assertion of the right to counsel is necessary to invoke the Edwards rule." Midkiff v. Commonwealth, 250 Va. 262, 266, 462 S.E.2d 112, 115 (1995) (citing Mueller v. Commonwealth, 244 Va. 386, 422 S.E.2d 380 (1992); King v. Commonwealth, 243 Va. 353, 416 S.E.2d 669 (1992); Eaton v. Commonwealth, 240 Va. 236, 397 S.E.2d 385 (1990)).

Moreover, "while recognizing that good practice suggests that the police should attempt to clarify ambiguous statements, nevertheless [], after a voluntary and knowing waiver of Miranda rights, officers may continue questioning until the suspect clearly and unequivocally requests an attorney." Id. (citing Davis v. United States, 512 U.S. 452, 461 (1994)). In other words, to invoke this right, "a suspect must state his desire to have counsel present with sufficient clarity that a reasonable police officer under the circumstances would understand the statement to be a request for counsel." Commonwealth v. Hilliard, 270 Va. 42, 49, 613 S.E.2d 579, 584 (2005) (citing Davis, 512 U.S. at 459; Commonwealth v. Redmond, 264 Va. 321, 328-29, 568 S.E.2d 695, 699 (2002); Eaton, 240 Va. at 253-54, 397 S.E.2d at 395-96).

On several occasions, the Court has been faced with the task of determining whether an assertion amounts to a "clear invocation" of the right to counsel. For example, in Mueller, the

Court held that the question, "Do you think I need an attorney here?" fell short of being an unequivocal assertion of counsel.  Mueller, 244 Va. at 396, 422 S.E.2d at 387.  Likewise, in Eaton, the question "You did say I could have an attorney if I wanted one?" was not sufficient to invoke the right to counsel.  Eaton, 240 Va. at 250, 397 S.E.2d at 393.  And, in Poyner v. Commonwealth, 229 Va. 401, 410, 329 S.E.2d 815, 823 (1985), the question "Didn't you say I have the right to an attorney?" was not a clear assertion of the right to counsel.  Moreover, the United States Supreme Court held in Davis that the statement, "Maybe I should talk to a lawyer," did not qualify as an invocation of the right to counsel.  Davis, 512 U.S. at 462.

In this case, the trial court made specific findings of fact regarding Phillips' alleged assertion of his right to counsel.  First, the trial court found that Phillips made the statement, "I guess I need a lawyer," in a questioning tone.  Second, the trial court found that, although it was muffled, Phillips stated "Yeah, but" in response to Detective Pickell's attempt to clarify whether Phillips wanted counsel present.[1]  Moreover, the trial court noted that Phillips' intonation and appearance made it "clear" that Phillips "was really not sure what he should do."  Upon review of the videotape, we hold that "these historical facts are [not] plainly wrong, or without evidence to support them," and we are bound by these findings.  See Shears, 23 Va. App. at 398, 477 S.E.2d at 311.

Based upon these facts, we now turn to the legal question of whether Phillips' "words, taken in context, were sufficient to invoke his right to counsel."  Hilliard, 270 Va. at 49, 613 S.E.2d at 584; see also Redmond, 264 Va. at 327, 568 S.E.2d at 698.  We hold they were not.

_____

[1] We note, after viewing the tape, that Phillips' response was indeed muffled.  And although we can hear Phillips respond, "Yeah," we cannot say with certainty that he said anything other than "but" following this response.  Thus, we defer to the trial court's finding that Phillips stated, "Yeah, but."

After Pickell read Phillips his <u>Miranda</u> rights, Phillips said, "I guess I need a lawyer." The trial court found that Phillips' words "came out as a question" rather than a statement. Moreover, the trial court noted Phillips' body language and its correlation to the intonation in Phillips' voice. Although in <u>McDaniel v. Commonwealth</u>, 30 Va. App. 602, 604, 218 S.E.2d 851, 852 (1999), we held that the statement, "I think I would rather have an attorney here to speak for me," was sufficient to invoke the right of counsel, we note a crucial factual distinction between <u>McDaniel</u> and the case at hand. In <u>McDaniel</u>, the trial court made the factual finding that "McDaniel's request for an attorney was *not* a question." <u>Id.</u> (emphasis added). Here, the trial court made the explicit finding that Phillips' alleged request for counsel "came out as a question." In other words, Phillips was questioning his need for an attorney.

Moreover, when asked to clarify whether he wanted an attorney, the trial court found that Phillips stated, "Yeah, *but*." The generally accepted meaning of the word "but" is "except for the fact," "on the other hand," or "unless." <u>Webster's Third New International Dictionary</u> 303 (1993). By qualifying his response with "but," we hold that Phillips was not certain in his response. These assertions are clearly equivocal.

Thus, based on the questioning tone in Phillips' voice, the content of his statements, and his body language, we hold that Phillips' statements did not amount to an unequivocal assertion of his right to counsel.

CONCLUSION

For the reasons stated, we hold that the trial court did not err in denying Phillips' motion to suppress. Accordingly, we affirm the conviction.

<u>Affirmed.</u>