COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Elder
Argued at Richmond, Virginia


MARK RAMONE TOLIVER
                                           OPINION BY
v.         Record No. 1131-95-2     JUDGE JERE M. H. WILLIS, JR.
                                           AUGUST 6, 1996
COMMONWEALTH OF VIRGINIA

          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
             Ernest P. Gates, Sr., Judge Designate

          William B. Kerkam, III (Davis & Kirby, on
          brief), for appellant.

          Eugene Murphy, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Mark Ramone Toliver was convicted in a bench trial of

possession of a concealed weapon.  On appeal, he contends that

the trial court erred in denying his motion to suppress evidence

of the firearm as the fruit of an illegal search.  We agree and

reverse the conviction.

     While on a routine patrol on February 10, 1995 at

approximately 1:00 p.m., Officer Mark Schnupp along with two

other officers observed Toliver and another man sitting in a

parked vehicle in Creighton Court.  Toliver was behind the wheel.

Officer Schnupp approached the driver's side of the car and

another officer approached the passenger side.

     Toliver and the passenger both testified that upon

approaching the vehicle, Officer Schnupp said, "let me see some

hands."  Officer Schnupp testified that he did not recall whether

he said, "get your hands up," but that it was normal police procedure to do so. Officer Schnupp asked Toliver who owned the car. Toliver gave several different answers before replying that it was his girlfriend's. Officer Schnupp asked Toliver for his driver's license. Toliver admitted that he did not have one. Toliver gave his correct name.

Asked by Officer Schnupp whether there were any guns or drugs in the car, Toliver replied that there were not. Officer Schnupp then asked whether he could search the car. Toliver consented and stepped out of the car, as did his passenger. One of the other officers remained by the passenger and the other stood at the rear of the vehicle. Officer Schnupp told Toliver that he was going to frisk him for weapons for the officers' personal safety. Toliver did not consent to the frisk. Nonetheless, Officer Schnupp frisked him and found a 9 mm Ruger handgun.

The initial encounter between Toliver and Officer Schnupp was consensual and implicated no Fourth Amendment interest. However, the consensual aspect of the encounter disappeared when Officer Schnupp frisked Toliver without his consent. While being frisked, no reasonable person would feel free to walk away. Thus, for Fourth Amendment purposes, Toliver was "seized" by Officer Schnupp. Terry v. Ohio, 392 U.S. 1, 16 (1968). "In order to justify such a seizure, an officer must have a 'reasonable and articulable suspicion of criminal activity on the

- 2 -

part of the defendant.'" Hatcher v. Commonwealth, 14 Va. App. 487, 490, 419 S.E.2d 256, 258 (1992).

The circumstances were insufficient to give Officer Schnupp an objectively reasonable basis for suspecting that Toliver was armed and dangerous. He had no information that Toliver was involved in criminal activity, nor had he observed any criminal behavior. The mere fact that Toliver was in an area known for drug use created no inference that he was involved in criminal activity. Riley v. Commonwealth, 13 Va. App. 494, 498, 412 S.E.2d 724, 726-27 (1992). Toliver cooperated with Officer Schnupp and willingly gave his correct name. Nothing suggested that he was carrying a concealed weapon. See Payne v. Commonwealth, 14 Va. App. 86, 414 S.E.2d 869 (1992). Therefore, the frisk was illegal and the trial court erred in admitting the evidence of the firearm.

The judgment of the trial court is reversed and the charge is ordered dismissed.

Reversed and dismissed.

Benton, J., concurring.

I do not agree with the majority's assertion that the initial encounter of the police officers and the operator of the vehicle was "consensual and implicated no Fourth Amendment interest." When the three uniformed police officers approached the vehicle, inquired about the ownership of the vehicle, and asked for the vehicle's registration, they seized Toliver and his passengers. See Code § 46.2-104; Brown v. Commonwealth, 17 Va. App. 694, 696-97, 440 S.E.2d 619, 620-21 (1994). I concur, however, in the remainder of the opinion and in the judgment reversing the conviction and dismissing the charge.