BENTON, Judge,
dissenting.
I substantially concur in the dissenting opinion by Coleman, J., except footnote 3, and I concur in his conclusion that the trial judge erred in failing to suppress the evidence. I disagree, however, with the views expressed in both the majority opinion and footnote 3 of the dissenting opinion that Christo *744 pher John Reittinger was not unlawfully seized when the officer began his inquiry about drugs and guns.
“[Shopping an automobile and detaining its occupants constitute a ‘seizure’ within the meaning of [the Fourth Amendment], even though the purpose of the stop is limited and the resulting detention quite brief.” Delaware v. Prouse, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). The evidence proved that “probably no more than a second or two” after the deputy told Reittinger he was “free to go,” the deputy asked Reittinger “if he had any drugs or weapons in the vehicle.” This inquiry concerning the drugs and weapons was an unconstitutional extension of the original traffic stop. Although the reason for the initial stop had ended, the deputy continued the detention by making inquiries unrelated to the initial stop.
I would uphold the trial judge’s finding that “[a]t that point the reason for the stop was resolved, the investigation was complete and the deputy had no articulable reason or suspicion to further detain [Reittinger].” As the trial judge ruled, “[a] reasonable person ... upon immediately being subjected to a new and unrelated inquiry would conclude his detention continued ... and the reasonable inference to be drawn from [Reittinger] voluntarily exiting his vehicle is that [Reittinger] concluded he was not free to leave.” Indeed, the deputy’s inquiry concerning drugs and guns was so immediate that a reasonable person would nqt have believed he or she was free to leave. See Florida v. Royer, 460 U.S. 491, 502, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); see also Payne v. Commonwealth, 14 Va.App. 86, 89, 414 S.E.2d 869, 870 (1992) (noting “[t]he ‘principle embodied by the phrase “free to leave” means the ability to ignore the police and to walk away from them,’ to ‘ “feel free to decline the officers’ requests or otherwise terminate the encounter.” ’ ” (citation omitted)). Supporting the trial judge’s finding is the absence of evidence that the deputy had returned Reittinger’s vehicle registration when he began the inquiry about the drugs and weapons. That factor distinguishes this case from United States v. Sullivan, 138 F.3d 126 (4th Cir.1998), cited in both the majority opinion and footnote 3 of the dissenting opinion.
*745 The deputy’s immediate transition into the inquiry was so seamless that a reasonable person would not have believed the initial seizure had ended. See Royer, 460 U.S. at 502-03, 103 S.Ct. 1319. An officer cannot free him or herself of a detainee’s constitutional protections by simply stating that the detainee is “free to go” if the officer’s subsequent words or conduct convey a contrary message. Therefore, I would hold that the inquiry concerning the drags and weapons unlawfully extended the seizure, because the deputy had completed the equipment investigation. The deputy’s actions subjected Reittinger to a new and unrelated inquiry under circumstances such that a reasonable person would not have believed the initial seizure had ended or that he or she was free to leave. See Toliver v. Commonwealth, 23 Va.App. 34, 37, 473 S.E.2d 722, 724 (1996) (Benton, J., concurring).
For these reasons, and for the reasons expressed by Coleman, J., in the text of his dissenting opinion, I would reverse the trial judge’s refusal to suppress the evidence.