COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Annunziata
Argued at Norfolk, Virginia


CHRISTOPHER HARRELL
                                              OPINION BY
v.    Record No. 1794-98-1        JUDGE ROSEMARIE ANNUNZIATA
                                           AUGUST 3, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
              Benjamin A. Williams, Jr., Judge Designate

            David J. Whitted, Assistant Public Defender,
            for appellant.

            Daniel J. Munroe, Assistant Attorney General
            (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Christopher Harrell ("appellant") appeals the trial court's

denial of his motion to suppress evidence obtained during an

investigative stop of a vehicle in which he was a passenger,

contending that the evidence was obtained in violation of his

Fourth Amendment rights.  We agree and reverse the trial court's

decision.

I.

FACTUAL BACKGROUND

     On April 22, 1997, at approximately 4:30 p.m., Officer Johnny

Guy of the Suffolk Police Department stopped a two-door, 1988 Ford

after he observed the vehicle turn onto Camp Avenue without

activating a turn signal.  At the time of the stop, the Ford

contained two occupants; appellant was seated in the front passenger seat.

Officer Guy approached the driver, engaged him in conversation and then asked him to step from the vehicle and stand by Officer Jordan, who had arrived on the scene following the stop. The driver was able to produce neither an operator's license nor any other identification. While speaking with the driver, Guy noticed that the vehicle's inspection sticker was "crumpled up slightly," as if "it was taken from one vehicle and put on another one."

Based on his observations, Guy decided to inspect the vehicle identification number ("VIN") located on the back of the inspection sticker to determine whether it matched the vehicle's VIN. The sticker was located at the midpoint of the front windshield. Thus, Guy could only inspect it by entering the front seat of the vehicle. Guy asked appellant to step outside the vehicle to give him free access to the sticker. After appellant exited the vehicle, Guy asked him for permission to conduct a pat-down. According to Guy, he did so "strictly for [his] safety" as he would have to turn his back to the driver and appellant to examine the sticker.[1] On cross-examination, Guy conceded that, at no time during the encounter with appellant, did he have reason to

---

[1] Guy specifically testified he wanted to pat appellant down because:

believe appellant was armed, noting, "I just wanted to make sure that he didn't have [a weapon]."

Appellant refused consent to the pat-down. Guy nonetheless conducted the pat-down, touching something that felt like a plastic bag inside one of the front pockets of appellant's sweatpants. Guy believed the item to be marijuana but did not remove it from appellant's pocket. Guy testified that he felt nothing "that [he] thought would have been a weapon." After completing the pat-down, Guy asked appellant to stand at the rear of the vehicle next to the driver and Officer Jordan.

Guy entered the vehicle and determined that the sticker did not belong on the vehicle. As Guy walked past appellant to retrieve a scraper with which to remove the sticker, appellant approached Guy and "assured [him] that he didn't have [any contraband]." When Guy disclosed his suspicion that appellant was carrying marijuana, appellant denied the accusation and offered to show the officer the contents of his pockets, pulling several items from the front pockets of his sweatpants.

None of the items resembled the object Guy had previously felt, adding to the officer's suspicion that appellant was hiding contraband. On that ground, Guy requested consent to conduct a second pat-down. Without waiting for a response, Guy again patted

with me getting inside the vehicle, there
being two people there, I would – I perceived
myself to be at a disadvantage, and I wanted

appellant down and discovered that the item he previously felt was no longer in appellant's pocket.  Guy continued the pat-down along the length of appellant's leg and ultimately felt what appeared to be the plastic bag he had earlier identified, now located near the elastic cuff of the pant leg.  When Guy asked appellant to turn around, ostensibly to retrieve the item, appellant began running away, stating, "Oh, it's going to be like that.  Don't do this."  Guy subsequently caught appellant and placed him under arrest.  Upon a search of appellant's person incident to arrest, police found two bags containing cocaine in appellant's pants.

The trial court denied appellant's motion to suppress the cocaine found on his person.  Appellant subsequently entered a plea of <u>nolo</u> <u>contendere</u> to a charge of possessing cocaine with the intent to distribute in violation of Code § 18.2-248, reserving his right to appeal the admission of the cocaine.

## II.

### LEGAL PRINCIPLES

In considering the trial court's denial of a motion to suppress, the burden is on appellant to show that the court's ruling constituted reversible error.  <u>See</u> <u>McGee v. Commonwealth</u>, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (<u>en</u> <u>banc</u>).  In such cases, we view the evidence in the light most favorable to the Commonwealth, the party prevailing below.  <u>See</u> <u>Greene v.</u>

---

to ensure that no one else other than myself
and Officer Jordan had any sort of weapons.

Commonwealth, 17 Va. App. 606, 608, 440 S.E.2d 138, 139 (1994). Ultimate questions of reasonable suspicion and probable cause involve questions of both law and fact and are reviewed de novo on appeal. See McGee, 25 Va. App. at 197, 487 S.E.2d at 261. We are bound, however, by the trial court's findings of historical fact "unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." Id. at 198, 487 S.E.2d at 261.

The Fourth Amendment ensures the right of people to be free from unreasonable searches and seizures. See Terry v. Ohio, 392 U.S. 1, 9 (1968). "'Whether a search . . . is unreasonable is determined by balancing the individual's right to be free from arbitrary government intrusions against society's countervailing interest in preventing or detecting crime and in protecting its law enforcement officers.'" Sattler v. Commonwealth, 20 Va. App. 366, 368, 457 S.E.2d 398, 399-400 (1995) (quoting Stanley v. Commonwealth, 16 Va. App. 873, 875, 433 S.E.2d 512, 513 (1993)). "Reasonableness is judged from the perspective of a reasonable officer on the scene allowing for the need of split-second decisions and without regard to the officer's intent or motivation." Scott v. Commonwealth, 20 Va. App. 725, 727, 460 S.E.2d 610, 612 (1995).

An officer may conduct a pat-down search for weapons if the officer can point to specific and articulable facts which

reasonably lead him to conclude that criminal activity may be afoot and that the person subjected to the search may be armed and dangerous. See James v. Commonwealth, 22 Va. App. 740, 745, 473 S.E.2d 90, 92 (1996). The authority to conduct a pat-down search does not follow automatically from the authority to effectuate an investigative stop. See Williams v. Commonwealth, 4 Va. App. 53, 66, 354 S.E.2d 79, 86 (1987). "Only where the officer can 'point to particular facts from which he reasonably inferred that the individual was armed and dangerous' is he justified in searching for weapons." Id. at 66-67, 354 S.E.2d at 86 (quoting Sibron v. New York, 392 U.S. 40, 64 (1968)). See Ybarra v. Illinois, 444 U.S. 85, 93-94 (1979) (stating that the United States Supreme Court's holding in Terry does not authorize "a generalized 'cursory search for weapons'" and "does not permit a frisk for weapons on less than reasonable belief or suspicion directed at the person to be frisked").

## III.

## ANALYSIS

Applying the foregoing principles to the evidence before the trial court, we find that Officer Guy searched appellant in violation of his Fourth Amendment rights and that the trial court erred in refusing to suppress the cocaine found as a result of the search. See Mapp v. Ohio, 367 U.S. 643, 655 (1961); Thomas v. Commonwealth, 24 Va. App. 49, 54, 480 S.E.2d 135, 137 (1997) (en banc).

Suspicion that an individual may be armed and dangerous, the threshold fact which must exist before a lawful pat-down may be conducted after a Terry stop, is absent from this record. Indeed, Guy admitted that he did not have any reason to believe appellant was armed and dangerous at any point during his investigation. That Guy believed he was placing himself in a disadvantageous position when he entered the vehicle to examine the inspection sticker is insufficient by itself to support the frisk when nothing in appellant's conduct suggested he was armed and dangerous. See Toliver v. Commonwealth, 23 Va. App. 34, 37, 473 S.E.2d 722, 724 (1996); Payne v. Commonwealth, 14 Va. App. 86, 89-90, 414 S.E.2d 869, 870-71 (1992) (finding that an officer's non-consensual search for weapons violated the Fourth Amendment when the officer had not observed the defendant engage in criminal behavior, the officer had no information the defendant was involved in criminal activity, the defendant willingly cooperated with the officer's instructions during the encounter, and there was nothing to suggest the defendant possessed a concealed weapon).

Furthermore, the basis for a frisk, concern for officer safety, may be predicated on the circumstances attending the stop where the circumstances give rise to a reasonable concern. See Williams, 4 Va. App. at 67, 354 S.E.2d at 86-87 (stating that the circumstances that may give rise to a reasonable inference of dangerousness include the characteristics of the area where a stop

occurs, the time at which the stop occurs, and suspicious conduct on the part of the person stopped). However, no evidence of such circumstances exists in the record.

This present case is distinguishable on its facts from Moore v. Commonwealth, 25 Va. App. 277, 487 S.E.2d 864 (1997). In Moore, we upheld the constitutionality of a pat-down based on the circumstances of the stop and those confronting the officer. In that case, we found the pat-down to be a "minimal intrusion" which was necessary "to insure the [officer's] safety" as he performed his duties. See Moore, 25 Va. App. at 286-87, 487 S.E.2d at 869. In Moore, the officer was alone on an interstate highway bridge with three individuals whose vehicle he had stopped. See id. at 281, 487 S.E.2d at 866. Upon arresting the vehicle's driver, the officer was required to inventory the vehicle, a procedure which required his full attention, making it problematic for the officer to fully monitor the detained individuals. The officer was also required to transport all three individuals from the bridge in his cruiser. See id. at 286, 487 S.E.2d at 868. Because the cruiser did not have a barrier between the front and rear seats, the officer was left without protection from potential harm during the transport. See id.

In the present case, Guy had back-up assistance to support and protect him as he focused his attention on examining the vehicle's inspection sticker. The other officer was not only present at the scene, he remained positioned next to appellant and

the driver at the back of the vehicle as Guy entered the vehicle to perform his duties.  In light of the brevity and nature of the encounter, the presence of another officer at the scene, and the absence of conduct giving rise to a reasonable suspicion that appellant was armed and dangerous, we find nothing risk-laden in the circumstances attending the encounter between the police and appellant.

For these reasons, we find that Guy's search of appellant violated his Fourth Amendment rights and that the trial court's denial of appellant's motion to suppress was reversible error.  We accordingly reverse the conviction and remand this case for further proceedings, if the Commonwealth should be so advised.

<u>Reversed and remanded.</u>