COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Annunziata and Bumgardner
Argued at Salem, Virginia


CHRISTOPHER LEE DEANER

                                  MEMORANDUM OPINION* BY
v.    Record No. 2350-98-3       JUDGE ROSEMARIE ANNUNZIATA
                                       MARCH 7, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                     Mosby G. Perrow, III, Judge

          Craig P. Tiller (Davidson, Sakolosky,
          Moseley & Tiller, P.C., on briefs), for
          appellant.

          Shelly R. James, Assistant Attorney General
          (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Christopher Lee Deaner was convicted in the General

District Court of the City of Lynchburg on January 24, 1997, on

charges of assault and battery and of sexual battery.  He was

sentenced to twelve months in jail on each conviction, ten

months suspended on each, with supervised probation.  Deaner

subsequently was convicted of a misdemeanor, which resulted in a

proceeding to revoke the suspended sentences.  Upon appeal to

the Circuit Court of the City of Lynchburg, the court revoked

suspension of his previous sentences.  The court ordered him to

serve the reinstated sentences consecutively.  Deaner alleges

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

that the sentences were originally ordered to run concurrently and that the circuit court erred in reinstating them for consecutive terms. Because Deaner has failed to provide a record sufficient to allow us to determine the merits of his case, we affirm the trial court's decision.

ANALYSIS

Upon review, the Court views the evidence in the light most favorable to the Commonwealth, the party prevailing below. See Harrell v. Commonwealth, 30 Va. App. 398, 403, 517 S.E.2d 256, 258 (1999); Greene v. Commonwealth, 17 Va. App. 606, 608, 440 S.E.2d 138, 139 (1994). While we agree that once sentences have been ordered to run concurrently, a court cannot later revoke a suspension of the sentences and order them to run consecutively, see Robertson v. Sup. of Wise Corr. Unit, 248 Va. 232, 236, 445 S.E.2d 116, 118 (1994), Deaner has failed to provide a complete and sufficient record to the reviewing court to allow the claim to be adjudicated. See Woodward v. Commonwealth, 16 Va. App. 672, 677, 432 S.E.2d 510, 513 (1993). This Court must "turn to the language of the order to determine the original sentencing judge's intent" in deciding whether sentences were to be concurrent or consecutive. Wood v. Commonwealth, 12 Va. App. 1257, 1260, 408 S.E.2d 568, 570 (1991). Defense counsel conceded that the general district court's warrant did not reflect whether the sentences were to run concurrently or

consecutively. Defense counsel represented, however, that the "disposition notice" to corrections personnel stated that the sentences were to run concurrently. This form is absent from the record, and defense counsel's proffer of its contents did not prove that the court ordered the sentences to run concurrently. Absent a complete record, the trial court's decision must be affirmed. See White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995) (citing Woods v. R. D. Hunt & Son, Inc., 207 Va. 281, 287, 148 S.E.2d 779, 783 (1966)). Consequently, we must affirm the trial court's decision.

Affirmed.