# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Dwight Davis

May 5, 2000

Case Nos. CR99-1634 and CR99-1663

BY JUDGE ROBERT P. DOHERTY, JR.

Defendant, a passenger in a car lawfully parked at the curb, was conversing during the daytime with three to five individuals who were standing on the sidewalk. Two uniformed officers driving by in a marked police vehicle, being aware that numerous reports of drug sales and shots fired came from this area of town, suspected drug activity. They stopped to observe, but saw nothing suspicious. Shortly thereafter, the driver and the passenger reentered the vehicle and pulled onto the traveled portion of the road. No traffic was affected by this maneuver. They were immediately stopped by the police officers for the traffic violation of not signaling before leaving the curb. When asked for a consent search of the car, the driver initially refused and appeared nervous but ultimately consented when the officer said that they were looking for guns or drugs in an effort to prevent crime in the neighborhood. Both occupants of the car were frisked for weapons prior to the search of the vehicle. The officer frisking the Defendant passenger felt a gun under the Defendant's clothing and a struggle ensued. Both officers became involved in trying to handcuff the Defendant. He was pepper sprayed because of his resistance both before and after he was handcuffed, and at least one officer sat on him until additional police arrived. Defendant's face and arms bore bruises and scrapes attesting to the struggle. Defendant alleges that he was passive the entire time and never tried to resist the officers, which

allegation the Court finds to be untruthful. Defendant passenger was charged with being a prior convicted felon in possession of a firearm. The Commonwealth argues that their actions were proper under the circumstances and that the evidence of the gun should not be suppressed. Defendant passenger claims that the traffic stop was a sham, that the search of his body was coerced, that the actions of the officers amounted to a trespass, and that the weapon found during the frisk should be suppressed. The Court finds in favor of the Defendant, but not for all of the reasons argued.

The traffic stop of the vehicle made by the officers was appropriate based on their observation of the occurrence of a traffic infraction. Their subjective intent is immaterial. The stop was not in violation of the Fourth Amendment to the United States Constitution. See *Bosworth v. Commonwealth*, 7 Va. App. 567 (1989).

Assuming without deciding that the driver of the vehicle gave uncoerced permission to the police officers to search his person and his vehicle, that assumption does not extend to the Defendant passenger who challenges his pat-down search. There was no evidence that the Defendant consented to a pat-down or frisk search of his person. Under the circumstances, it was proper for the officers to request that the Defendant step out of the car while they conducted their vehicle search, as the Defendant's presence in the vehicle presented a "generalized risk to officer safety. . . ." *Logan v. Commonwealth*, 29 Va. App. 353, 359 (1999). However, prior to the frisk of the Defendant's person to determine if he was armed, the officer must be able to "point to specific and articulable facts which reasonably lead him to conclude that criminal activity may be afoot and that the person subject to the search may be armed and dangerous." *Harrell v. Commonwealth*, 30 Va. App. 398, 403 (1999). Such facts did not exist in this case. The officers only knew that the Defendant was seen talking to a number of persons, in the daytime, in an area know for reports of drug sales and shots fired, and that the driver of the vehicle appeared nervous. Those facts alone do not give rise to sufficient suspicion or reasonable belief that the Defendant might be armed or that he might be involved in illegal activity. Enough officers were present so that the search could be conducted by one officer while the other watched the driver and the passenger. Defendant's motion to suppress the evidence obtained by the seizure of the handgun is granted.

The remaining theories of law and issues raised by the Defendant are rendered moot by this ruling. Although the gun seized is not admissible as evidence in the criminal case, upon proof that the Defendant is a prior convicted felon, the Court will declare the gun to be contraband and order it destroyed.