COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued at Chesapeake, Virginia


ARTHUR P. KNOX

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0988-01-1           JUDGE LARRY G. ELDER
                                       MARCH 5, 2002
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                    Wilford Taylor, Jr., Judge

           Carter Phillips (Weisbrod & Phillips, P.C.,
           on brief), for appellant.

           Margaret W. Reed, Assistant Attorney General
           (Randolph A. Beales, Attorney General, on
           brief), for appellee.


     Arthur P. Knox (appellant) appeals from his conviction for

possession of cocaine pursuant to Code § 18.2-250.  On appeal,

he contends the trial court erroneously denied his motion to

suppress because he was subject to an illegal seizure in the

form of a weapons frisk, which tainted his consent to the search

of the bag in which cocaine was found.  We hold that the initial

encounter was consensual.  However, appellant did not consent to

a pat-down search for weapons, and we hold the officer who

conducted the pat-down lacked reasonable suspicion to believe

both that appellant was engaged in criminal activity and that he

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

was armed and dangerous.  Thus, appellant's purported consent to the search of his duffel bag was tainted by the illegal seizure immediately preceding it, and the trial court erroneously denied the motion to suppress.  Because the cocaine supporting appellant's conviction was obtained during the illegal search, we reverse the conviction and dismiss the charge.

On appeal of the denial of a motion to suppress, we view the evidence in the light most favorable to the Commonwealth. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).  "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them," McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc), but we review de novo the trial court's application of defined legal standards such as reasonable suspicion and probable cause to the particular facts of the case, see Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911 (1996).

In order to justify a brief seizure or Terry stop, an officer must have a "reasonable and articulable suspicion of criminal activity on the part of the defendant."  Commonwealth v. Holloway, 9 Va. App. 11, 15, 384 S.E.2d 99, 101 (1989).  An officer who develops such suspicion may stop a person "in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional information" to

-

confirm or dispel his suspicions.  Hayes v. Florida, 470 U.S. 811, 816, 105 S. Ct. 1643, 1647, 84 L. Ed. 2d 705 (1985).

However, "a police request made in a public place for a person to produce some identification, by itself, generally does not constitute a Fourth Amendment seizure."  McCain v. Commonwealth, 261 Va. 483, 491, 545 S.E.2d 541, 546 (2001).  Even when a police officer retains an individual's identification long enough to conduct a check for outstanding warrants, this retention does not convert the encounter into a seizure unless additional circumstances exist indicating "a reasonable person would believe that he was not free to leave the scene of [the] encounter with the police."  Id. at 488-91, 545 S.E.2d at 544-45.

Here, Officer Sparks' request to appellant for identification and Sparks' retention of appellant's ID long enough to check for outstanding warrants, did not, without more, constitute a seizure.  Although Sparks was in uniform, he was the only officer at the scene, he did not draw his weapon, and he made no statements indicating that appellant was not free to leave.  The evidence, viewed in the light most favorable to the Commonwealth, supports a finding that Officer Sparks' initial encounter with appellant was consensual.

However, as the Commonwealth concedes, the encounter became a seizure when Officer Sparks conducted a pat-down search of appellant for weapons.  "While being frisked, no reasonable

-

person would feel free to walk away." Toliver v. Commonwealth, 23 Va. App. 34, 36, 473 S.E.2d 722, 724 (1996). Because appellant did not consent to be frisked, the Fourth Amendment required that Officer Sparks have reasonable suspicion to believe both that appellant was engaged in criminal activity and, in addition, that appellant was armed and dangerous. See, e.g., Adams v. Williams, 407 U.S. 143, 146, 92 S. Ct. 1921, 1923, 32 L. Ed. 2d 612 (1972) (noting that officer may frisk suspect for weapons during Terry stop only if officer also "has reason to believe that the suspect is armed and dangerous"); United States v. Burton, 228 F.3d 524, 528 (4th Cir. 2000) (holding that frisk during consensual encounter in which suspect refused to answer officer's questions or to comply with police request to remove hand from pocket was illegal because officer who thinks suspect might be armed "must [also] have reasonable suspicion supported by articulable facts that criminal activity may be afoot" in order to justify weapons frisk). Circumstances "relevant in [this] analysis include characteristics of the area surrounding the stop, the time of the stop, the specific conduct of the suspect individual, the character of the offense under suspicion, and the unique perspective of a police officer trained and experienced in the detection of crime." Christian v. Commonwealth, 33 Va. App. 704, 714, 536 S.E.2d 477, 482 (2000) (en banc) (footnote omitted).

-

Here, the evidence was insufficient to provide Officer Sparks with reasonable suspicion to believe that appellant was engaged in criminal activity and, additionally, that he was armed and dangerous. The evidence established that appellant was in a high crime area in which Officer Sparks had made numerous drug arrests and that Sparks observed appellant leaning into a car. Sparks testified that, in his experience, appellant's leaning into a vehicle meant he was engaged either in prostitution or a drug transaction. Sparks did not, however, observe money, drugs or any other item change hands.

Although appellant "denied having any conversation [with an occupant of a vehicle] and denied being in any [vehicle] window" when questioned by Sparks, the record does not indicate whether appellant made these denials before or after Sparks conducted the pat-down search of appellant for weapons. Thus, the evidence, viewed in the light most favorable to the Commonwealth, established only that Sparks saw appellant lean into a vehicle in "a high drug, very high crime area" and that appellant kept putting his hands into his pockets when Sparks engaged him in a consensual encounter, despite Sparks' request to appellant not to do so. Although appellant could have been engaged in a prostitution or drug transaction with the occupant of the car when Sparks first saw appellant, Sparks saw no money, drugs or anything else change hands, and appellant could just as easily have been engaged in some lawful activity, such as giving

-

directions to the occupants of the vehicle.  The information available to Officer Sparks when he conducted the pat-down search, even including appellant's repeated placement of his hands in his pockets despite Officer Sparks' request that appellant keep his hands in sight, was insufficient to give Sparks reasonable suspicion to believe both that appellant was engaged in illegal activity and that he was armed and dangerous. See Burton, 228 F.3d at 528.

Thus, appellant was subject to an illegal seizure and search when Officer Sparks patted him down for weapons.  If appellant's subsequent consent to the search of his duffel bag was

> obtained as a product of the illegal search [and seizure], it was invalid as a "fruit of the poisonous tree," Walls v. Commonwealth, 2 Va. App. 639, 651, 347 S.E.2d 175, 182 (1986), unless the Commonwealth can show that the consent was "sufficiently an act of free will to purge the primary taint of the illegal [search]."  Wong Sun v. United States, 371 U.S. 471, 486, 83 S. Ct. 407, 416-17, 9 L. Ed. 2d 441 (1963).

Wood v. Commonwealth, 27 Va. App. 21, 30, 497 S.E.2d 484, 488 (1998) (en banc).  Although the trial court found appellant's consent to the search of his duffel bag was "voluntary," the principle is well established that the fact that the consent was voluntary does not mean that it was "sufficiently an act of free will to purge the primary taint."  Wong Sun, 371 U.S. at 486, 83 S. Ct. at 416.  Here, when appellant purportedly consented to a

-

search of the duffel bag, Officer Sparks had just completed a pat-down search of appellant's person without consent or reasonable suspicion.  Thus, appellant had every reason to believe Officer Sparks would examine his duffel bag even if appellant challenged Sparks' authority to do so.  Accordingly, the Commonwealth failed to prove that appellant's relinquishment of his duffel bag to Officer Sparks was not tainted by the illegal seizure immediately preceding Sparks' request to search the bag.

For these reasons, we hold the trial court's denial of appellant's motion to suppress was erroneous, and we reverse the conviction.  Because the only evidence proving appellant's drug possession was obtained in the illegal search, we also dismiss the charge.

<u>Reversed and dismissed.</u>