BENTON, Judge.
This appeal arises from the trial judge’s denial of a motion to suppress evidence obtained during a warrantless search. Lee Edward Sattler contends that the trial judge erred in holding that a police officer lawfully searched Sattler before issuing a summons for a traffic violation. We reverse the trial judge’s refusal to suppress the evidence.
The evidence presented at the suppression hearing proved that a state police officer observed Sattler’s automobile abruptly turn from an interstate highway onto an exit. The officer followed the automobile but did not signal Sattler to stop because he had not decided to stop the driver. The officer testified that as the automobile approached a service station he saw a radar detector device and made the decision to stop the driver and issue a citation. When Sattler drove to the station’s fuel pump and exited his automobile, the officer parked his vehicle behind Sattler’s automobile and asked Sattler for his driver’s license, registration, and radar detector device. The officer told Sattler that he would issue a sum *368 mons for the radar detector violation; however, he also told Sattler that he could pump the gas, pay for it, and then move his automobile. The officer moved his vehicle to a side area. When Sattler completed the purchase and moved his automobile to join the officer, the officer told Sattler to sit in the officer’s vehicle but that he would first “pat” Sattler for weapons. The officer testified that he “pat[s] everybody down [for weapons] prior to them coming back to [his] vehicle.”
During the frisk for weapons, the officer felt an object in Sattler’s pocket. He said that when Sattler took a step back, he reached into Sattler’s pocket and retrieved a pipe. He then arrested Sattler for possession of marijuana that he saw in the pipe. After placing handcuffs on Sattler, the officer searched Sattler’s automobile and seized a bag of marijuana and psiloeyn.
The trial judge found that the officer’s search for weapons was reasonable and refused to suppress the evidence. At trial, where the evidence was admitted, Sattler was convicted of possession of marijuana and possession of psiloeyn.
The Fourth Amendment prohibits unreasonable searches and seizures. Terry v. Ohio, 392 U.S. 1, 9, 88 S.Ct. 1868,1873, 20 L.Ed.2d 889 (1968). ‘Whether a search ... is unreasonable is determined by balancing the individual’s right to be free from arbitrary government intrusions against society’s countervailing interest in preventing or detecting crime and in protecting its law enforcement officers.” Stanley v. Commonwealth, 16 Va.App. 873, 875, 433 S.E.2d 512, 513 (1993). To conduct a patdown search, a police officer must be able to “ ‘ “point to specific and articulable facts which, taken together with rational inferences from those facts,” ’ reasonably lead him to conclude, ‘in light of his experience, that “criminal activity may be afoot” and that the suspect “may be armed and presently dangerous.” ’ ” Id. (citations omitted). In Stanley, we held that it was unreasonable for police officers to conclude that a person on a motor scooter was armed and dangerous because a police officer saw a bulge in the person’s *369 pocket following a traffic stop. 16 Va.App. at 877, 433 S.E.2d at 515.
The evidence at the suppression hearing failed to prove that the officer had specific and articulable facts upon which to conclude that Sattler was armed and dangerous. The officer initially detained Sattler solely for the purpose of issuing a summons for a traffic infraction. Sattler was not under arrest. The officer offered no reason to support a belief that Sattler was armed or dangerous or that he possessed illegal drugs.
The officer searched Sattler solely because of his general policy of searching every person entering his vehicle. In every encounter, “Terry requires reasonable, individualized suspicion before a frisk for weapons can be conducted.” Maryland v. Buie, 494 U.S. 325, 334 n. 2, 110 S.Ct. 1093, 1098 n. 2, 108 L.Ed.2d 276 (1990). The officer’s generalized policy of frisking all persons does not satisfy the restrictions imposed by Terry. “Indeed, if everyone is assumed to be armed and dangerous until the officer is satisfied that he or she is not, then officers would be able to frisk at will—a result not contemplated by the Fourth Amendment.” State v. Garland, 270 N.J.Super. 31, 636 A.2d 541, 548 (App.Div.1994).
Accordingly, we hold that the trial judge erred in finding that the officer’s search was reasonable and in refusing to suppress the seized evidence.

Reversed and remanded.