COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Senior Judge Coleman
Argued at Chesapeake, Virginia


JOAN COPPEDGE

                                                MEMORANDUM OPINION* BY
v.      Record No. 2920-03-1                    JUDGE JAMES W. BENTON, JR.
                                                        JANUARY 18, 2005
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                          Randolph T. West, Judge

        F. Winslow Young (Law Office of Wanda N. Allen, on brief), for
        appellant.

        Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General, on brief), for appellee.


        Police officers detained Joan Coppedge for suspicion of trespassing in violation of Code

§ 18.2-119, handcuffed her, informed her of her Miranda rights, interrogated her about their

suspicions, and then "arrested" her for trespassing.  After the arrest and during a further

interrogation, Coppedge admitted she had bags of crack cocaine, which the police seized.

Coppedge contends that the trial judge erred in admitting her statements and physical evidence

because they were the product of an unlawful custodial arrest and search in violation of Code

§ 19.2-74 and the Fourth Amendment.  We hold that the judge did not err in refusing to suppress

the evidence, and we affirm the judgment.

                                            I.

        On this appeal from the denial of Coppedge's motion to suppress evidence, we view the

evidence in a light most favorable to the Commonwealth, granting to it all reasonable inferences

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

fairly deducible therefrom. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). Although we are bound by the trial judge's findings of historical fact unless "plainly wrong or without evidence to support it," McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997), whether Coppedge has been seized and searched in violation of the Fourth Amendment is a mixed question of law and fact that we review *de novo* on appeal, Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 837 (2002).

During a suppression hearing, Officer J.F. Gayle testified that he and J.L. Carden were monitoring with a telescopic camera an area near a convenience store known for high drug usage and high crime. Several "No Trespassing" signs were posted on the wall outside the store. Officer Gayle also testified that the city had a letter authorizing police enforcement.

For ten minutes, the officers watched Joan Coppedge riding her bicycle, going on and off the property twice. As the officers observed Coppedge and other people on the property, Coppedge rode to a man and woman who were walking on the sidewalk. After she spoke with them for a few moments, the man began to count paper money. He gave Coppedge some bills, and Coppedge, in turn, gave something to the man. The officers could not see the item. Officer Gayle testified that he did not know if Coppedge "had done anything illegal," but he suspected Coppedge was dealing drugs. The officers then left the vantage point and drove to the store to talk to Coppedge.

Coppedge was "directly in front of the . . . property," straddling her bicycle and talking to a man, when the officers arrived in full uniform with their badges displayed. As they approached from behind Coppedge, she turned her head, "kind of laughed," and then rode away quickly. The officers ran after her but were not sure whether Coppedge had seen them. Officer Gayle, and perhaps also Officer Carden, physically grabbed Coppedge. Officer Gayle "advised . . . Coppedge [he] was placing her under detention." He testified he "had reason to believe she was trespassing."

He also testified he handcuffed her because they suspected she was dealing narcotics and because it was common for drug dealers to carry weapons. They did not frisk her.

Officer Gayle advised Coppedge of her Miranda rights. Coppedge said she understood her rights and answered questions posed to her. After Coppedge identified herself, Officer Gayle told Coppedge they had watched her ride on and off the store's property and asked what she was doing. She replied she was "just going back and forth, riding on the property." Responding to questions, Coppedge said she had not bought anything in the store and had not been inside. Officer Gayle told Coppedge that he "was placing her under arrest for trespassing." Officer Gayle then asked Coppedge if she had drugs or weapons on her person. Coppedge said she had "four or five bags [of cocaine] in [her] pocket." Searching Coppedge, the officers recovered a plastic bag with eight individually wrapped rocks of crack cocaine. They then told Coppedge she was also under arrest for possession of cocaine with intent to distribute.

The trial judge denied the motion to suppress the evidence. At the conclusion of the trial, the judge convicted Coppedge of possession of cocaine with intent to distribute.

II.

Citing Lovelace v. Commonwealth, 258 Va. 588, 522 S.E.2d 856 (1999), and Knowles v. Iowa, 525 U.S. 113 (1998), Coppedge contends the trial judge erred in denying her suppression motion. She argues that although the officers could detain her under Code § 19.2-74 for trespassing, the officers were not permitted to "arrest" and search her.

In Lovelace, a police officer detained the defendant for a misdemeanor and searched him. The officer "did not actually arrest [the defendant] until after he retrieved the bag from the defendant's pocket." 258 Va. at 592, 522 S.E.2d at 857. Applying Code § 19.2-74 and the principle set forth in Knowles, the Supreme Court of Virginia held as follows:

> [A]n "arrest" that is effected by issuing a citation or summons rather than taking the suspect into custody does not, by itself, justify a full field-type search.
>
> Nor do we believe that Code § 19.2-74(A)(2) contemplates a custodial situation equivalent to an actual custodial arrest. Under that statute, a suspect is detained, or in the custody of the police officer, only long enough for the officer to take down the name and address of the person and issue a summons. One of the reasons that the Knowles Court did not extend the Robinson "bright-line rule" to a "search incident to citation" was because the duration of the encounter between a police officer and a defendant is "relatively brief" when the officer issues a citation.

Lovelace, 258 Va. at 596, 522 S.E.2d at 858; see also Rhodes v. Commonwealth, 29 Va. App. 641, 513 S.E.2d 904 (1999) (applying Knowles). This principle applies to the class of misdemeanor offenses where, by statute, the detention is less than an actual custodial arrest. See Code § 19.2-74.

Trespassing "upon the lands, buildings, or premises of another . . . after having been forbidden to do so," is punishable as a Class 1 misdemeanor under Code § 18.2-119. Code § 19.2-74 prescribes the procedure Officer Gayle should have followed with regard to persons violating this section. In the pertinent part, Code § 19.2-74(A)(1) provides as follows:

> Whenever any person is detained by or is in the custody . . . for any violation committed in such officer's presence which offense is a violation of any county, city or town ordinance or of any provision of this Code punishable as a Class 1 or Class 2 misdemeanor . . . [the] officer shall take the name and address of such person and issue a summons or otherwise notify him in writing to appear at a time and place to be specified in such summons or notice. Upon the giving by such person of his written promise to appear at such time and place, the officer shall forthwith release him from custody.

Officer Gayle failed to follow the procedure outlined in the statute. Instead, after he detained Coppedge and inquired about her purpose on the property, he informed Coppedge she was "under arrest." Although Coppedge identified herself, the officer did not take her address, secure her promise to appear, or release her forthwith. Officer Gayle testified he had no reason

- 4 -

to believe Coppedge would not show up for court on a summons, and he had no knowledge of Coppedge's prior record that would provide a basis to suspect that she would not appear. Nevertheless, he first interrogated her and then "arrested" her.

Coppedge's case involves the same statute as in Lovelace. There, the police detained Lovelace after observing a beer bottle fly from his direction. 258 Va. at 596, 522 S.E.2d at 857. After asking Lovelace his name, the officer conducted a "pat down" of Lovelace and, feeling something like a plastic bag in his pocket, retrieved a bag filled with a substance later identified as crack cocaine. Id. The Court reversed his conviction because the evidence was seized during a search incident to a detention, a search in excess of what the Fourth Amendment and Code § 19.2-74 allow. Id. at 597, 522 S.E.2d at 860.

Unlike Lovelace and significant to the outcome in this case, the officer testified that after the initial detention and questioning he "arrested" Coppedge for trespassing. Both Knowles and Lovelace are inapposite to the circumstances here because, in both of those cases, the search occurred before the custodial arrest. Telling Coppedge, who had been put in handcuffs, that he "was placing her under arrest," Officer Gayle effected an "actual custodial arrest." When he told Coppedge that he "was placing her under arrest for trespassing" and asked if she had guns or drugs, he effectively told her after the arrest that he had the right to search her.

III.

Acknowledging on brief that "Officer Gayle lawfully detained and handcuffed Coppedge for the purpose of issuing her a summons for trespassing," Coppedge also contends that "Officer Gayle . . . incorrectly informed Coppedge she was under arrest, Mirandized her and questioned her about matters that had little or nothing to do with the trespassing." She argues that these circumstances demonstrate she had been placed in full custodial arrest before the officer actually arrested her.

Coppedge argues that this case "is identical to the situation presented" in <u>Hunt v. Commonwealth</u>, 41 Va. App. 404, 585 S.E.2d 827 (2003), where we reversed the conviction because the trial judge denied the defendant's motion to suppress. Since that decision, however, this Court affirmed the conviction *en banc* "without opinion by an evenly divided Court." 42 Va. App. 537, 592 S.E.2d 789 (2004). Recently, the Supreme Court ruled that this Court did not err in affirming Hunt's conviction. <u>Hunt v. Commonwealth</u>, Record No. 040614 (Va. Oct. 8, 2004). We hold that the Supreme Court's decision in <u>Hunt</u> is applicable here.

> Assuming, without deciding, that a violation of Code § 19.2-74 occurred, the defendant failed to establish that he was entitled to suppression of the evidence obtained as a result of the search. In the absence of a violation of a defendant's constitutional rights, the remedy of exclusion of evidence is not available for a statutory violation.

<u>Id.</u>

The record established that the officer arrested Coppedge and then conducted a search incident to the arrest. Search incident to an arrest is authorized by <u>United States v. Robinson</u>, 414 U.S. 218 (1973).

Accordingly, we affirm the conviction.

<u>Affirmed</u>.